Stephen C. Purcell,                                    ) C/A No. 4:10-1396-TLW-TER

                                 )

                  Plaintiff,              )

                                 )

vs.                                           )

                                 ) Report and Recommendation

                                 )

Village Gifts, Inc., and                 )

Jim H. Gehring, III,                )

                                 )

                  Defendants.        )

                                 )

_____ )

       This matter is before the Court because of Plaintiff's failure to comply with the undersigned's Order of September 16, 2010 (Entry 13), and because of Plaintiff's failure to prosecute the case in a timely manner. This case was filed by Plaintiff on May 28, 2010. Following initial review of the Complaint and other filings, Plaintiff, who is proceeding *in forma pauperis*, was directed to submit completed Forms USM-285 for each Defendant so that service of process could be considered. The Order was placed in the United States mail on September 16, 2010, and that mail has not been returned to the Court undelivered. Thus, it is presumed that Plaintiff received the Court's Order, but decided not to respond to it.

       Applying the four-factor test of *Davis v. Williams*, 588 F.2d 69, 70 (4th Cir. 1978) to the circumstances of this case, it is clear that the failure of either Plaintiff to take any action in this case in nearly six months, coupled with the failure respond to the only Order issued in this case, indicates an intent on Plaintiff's part not to prosecute this case.

       Plaintiff was warned that failure to comply with the September 16, 2010, Order would result in a recommendation that the case be dismissed for failure to prosecute. Accordingly, it is

recommended that this case be dismissed *without prejudice* due to Plaintiff's failure to comply with this Court's Order and failure to prosecute the case.  *See* Fed. R. Civ. P. 41(b)(district courts may dismiss an action if a plaintiff fails to comply with "any order of the court." ); *see also Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1989)(dismissal with prejudice appropriate where warning given); *Chandler Leasing Corp. v. Lopez*, 669 F.2d 919, 920 (4th Cir. 1982)(court may dismiss *sua sponte*).

Plaintiff's attention is directed to the important notice on the following page.

 s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

December 8, 2010
Florence, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 2317
Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).